JAMS

JAMS No. 5410000030

CHRISTOPHER HORNER

**Claimant,**

v.

ASPEN ELECTRONICS MANUFACTURING, INC. and A. JOSEPH VALDEZ, as trustee of the Aspen Electronics Manufacturing, Inc. Employee Stock Ownership Trust

**Respondents.**

## RESPONSE TO ARBITRATION DEMAND

Respondents Aspen Electronics Manufacturing, Inc. ("Aspen") and A. Joseph Valdez ("Trustee"), as trustee of the Aspen Electronics Manufacturing, Inc. Employee Stock Ownership Trust (collectively, "Respondents") hereby submit their Response to Arbitration Demand.

Respondents deny that Claimant is entitled to any relief. The underlying contracts were for legal services to be provided to Respondents. The representation encompassed providing legal advice to Respondents about a proposed transaction whereby Aspen was supposed to enter into an asset purchase agreement with the acquiring company, Tide Rock. The details of the proposed transaction were outlined in a Letter of Intent that the parties had prepared without the assistance of Claimant. The structure of the deal was evident from the face of the Letter of Intent. Claimant reviewed the Letter of Intent and proposed a complete budget of $75,000-$90,000 for the entire transaction.

Claimant and his team immediately began performing due diligence without evaluating the potential tax ramifications of the proposed deal. Claimant ran up exorbitant fees of over $60,000 in the process without even negotiating or drafting any of the deal documents.

The due diligence and other legal services performed by Claimant and his team were an utter waste of time. After incurring substantially all of these fees, Claimant conferred with his partner who reviewed the structure of the deal and raised a critical issue for the first time. Namely, Claimant's partner identified that the proposed asset sales transaction would cost Aspen substantially more in taxes due to double taxation on Aspen as a C Corporation – an amount making the deal prohibitively expensive.

Aspen briefly attempted to negotiate with Tide Rock to restructure the deal to make it financially sensible for Aspen. Tide Rock refused to restructure the deal. As a result, the deal fell through.

If the tax-implication legal analysis had been done at the outset of the representation (as would have been done by a reasonably competent attorney), Respondents would have incurred only a small fraction of the legal fees now being claimed. Despite the defects in the legal work, Respondents attempted to pay off the full amount of fees claimed to be owed. Instead of accepting payment of the over $60,000, Claimant attempted to extract over $15,000 in additional unearned compensation from Respondents to settle the dispute.

The fees charged to Respondent were excessive and unreasonable.

Claimant is not entitled to recover for work performed negligently.

Some or all of the fee agreement that Claimant seeks to enforce is unconscionable and against public policy.

There is no enforceable arbitration agreement between the parties.

Respondents have nevertheless tendered payment of the amount claimed due as fees pursuant to the invoice submitted to Respondents.

Respondents deny that Claimant is entitled to any relief.

Dated January 10, 2022.

*s/ James N. Phillips*
James N. Phillips, Colo. Atty # 33114
PHILLIPS LEGAL, P.C.
2701 Lawrence St., Suite 106
Denver, CO 80205
Phone: (720) 465-5056
E-mail: jphillips@phillipslegalpc.com

Aaron Israels, Colo. Atty # 42839
ISRAELS & NEUMAN, PLC
100 Fillmore Street, 5th Floor, #76
Denver, CO 80206
Phone: (720) 599-3505
E-mail:  aaron@israelsneuman.com

ATTORNEYS FOR RESPONDENTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of January, 2022, a true and correct copy of the foregoing **RESPONSE TO ARBITRATION DEMAND** was served via JAMS as follows:

Christopher Horner, Esq.
Michael Holzman, Esq.
Email: chorner@holzmanhorner.com
        mholzman@holzmanhorner.com

                                            s/ *James Phillips*
                                            James Phillips