

550 W. Jackson Blvd., Suite 500
Chicago, IL 60661
www.berkleyselect.com

**Kevin Brown**
TEL 312.800.6209
kbrown@berkleyselect.com

May 2, 2022

**Sent by Electronic Mail Only**

Mr. Christopher T. Horner, Esq.
Mr. Michael Holzman, Esq.
Holzman Horner PLLC
1300 I Street Northwest, Suite 400E
Washington, DC 20005

| | | |
|---|---|---|
| Re: | Named Insured: | Holzman Horner PLLC |
| | Insurer: | Berkley Insurance Company |
| | Policy No.: | PLP-1730816-P3 |
| | Type of Policy: | Lawyers Professional Liability Insurance |
| | Potential Claimants: | Aspen Electronics Manufacturing, Inc. & A. Joseph Valdez |
| | Claim No.: | 45106 |

Dear Messrs. Horner and Holzman:

On March 10, 2022, Berkley Insurance Company ("Berkley") Berkley received notice of the potential claim of Aspen Electronics Manufacturing, Inc. and A. Joseph Valdez (the "Potential Claimants") against Holzman Horner PLLC (the "Insured"), as set forth in the Response to Cross Motion for Summary Judgment filed on February 28, 2022, in <u>Holzman Horner PLLC v. Aspen Electronics Manufacturing, Inc. et al.</u>, No. 5410000030 (JAMS Arbitration). Berkley writes this letter to apprise you of its coverage position in this matter.

**Claim Facts**

From our review to date, it appears that various coverage issues arise under the Policy, as described below. While we do not intend to comment on the merits of the Potential Claimants' allegations, Berkley summarizes those allegations for the purpose of identifying and explaining the pertinent coverage issues.

According to the pleadings filed in the arbitration proceeding, in September 2021, the Potential Claimants retained the Insured to represent them in connection with an asset purchase agreement. On October 8, 2021, after performing significant work, the Insured for the first time informed the Potential Claimants of the double tax consequences of proceeding with the asset purchase. The Potential Claimants advised that, they would like to attempt to restructure the deal as a stock sale.

The potential purchaser rejected the proposed restructuring, and the deal never closed. The Potential Claimants allege the Insured committed malpractice by failing to advise of the double taxation issue at the outset of the representation. If the insured had done so, virtually no fees would have been incurred. The Potential Claimants assert that they have an attorney expert ready to opine on the Insured's alleged deviation from the standard of care.

The Potential Claimants assert that pursuant to the fee agreements, the Insured could not invoice for its fees until December 31, 2021. On December 1, 2021, the Insured sent two non-final, interim invoices. On December 23, 2021, the Insured sent a follow-up invoice and filed the arbitration demand. On January 5, 2022, the Insured issued a final invoice noting a balance $63,100. On January 10, 2022, the Potential Claimants sent the Insured a check for that amount. In the Potential Claimants' briefing in support of their motion for summary judgment, they state that, if the arbitrator grants summary judgment in their favor, they will forego a claim for fee disgorgement.

**Berkley Policy**

The relevant insurance policy is Lawyers Professional Liability Insurance Policy No. PLP-1730816-P3 (the "Policy") that Berkley issued to Holzman Horner PLLC for the Policy Period of April 16, 2021, to April 16, 2022. The Policy provides limits of liability of $3,000,000 per Claim and $3,000,000 in the aggregate, with a separate and equal limit of liability applicable to Claim Expenses subject to a deductible of $10,000 per Claim.

The Policy contains the following provisions that are relevant to the presently apparent coverage issues:

I. **Insuring Agreement**

   A. **Lawyers Professional Liability Insurance Coverage**

   The **Insurer** agrees to pay on behalf of the **Insured** all sums in excess of the deductible, up to the Limit of Liability, that the **Insured** shall become legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is both first made against the **Insured** and reported in writing to the **Insurer** during the **Policy Period**, or any Extended Reporting Period, if applicable, by reason of an act or omission in the performance of **Legal Services** by the **Insured** or by any person for whom the **Insured** is legally liable, while acting on behalf of the **Named Insured** and/or **Predecessor Firm** for clients of the **Named Insured** and/or **Predecessor Firm** provided that:

   1. no **Insured** gave notice to a **Prior Insurer** of such **Claim** or a **Related Claim**; and/or

   2. no **Insured** gave notice to a **Prior Insurer** of any such act or omission or **Related Act or Omission**; and/or
   3. prior to the inception date of the first policy if continuously renewed, or the date the **Insured** first became a member or employee of the **Named Insured** and/or **Predecessor Firm**, whichever is later, no **Insured** had a basis to believe that any

such act or omission, or **Related Act or Omission**, might reasonably be expected to be the basis of such **Claim**.

4. the act or omission occurred on or after April 16, 2015.

### B. Defense

The **Insurer** shall have the right and duty to defend, in the **Insured's** name and on the **Insured's** behalf, a **Claim** seeking **Damages** covered by this Policy even if any of the allegations of the **Claim** are groundless, false or fraudulent. The **Insurer** shall have the right to appoint counsel and to make such investigation and defense of a **Claim** as is deemed necessary by the **Insurer**. If a **Claim** shall be subject to arbitration or mediation, the **Insurer** shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an arbitration or mediation proceeding.

\* \* \*

## III. Definitions

Whenever printed in boldface type, and whether in the singular or plural form in this Policy, the following terms shall have the meanings indicated below.

\* \* \*

B. **Claim** means a demand for money or services, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** arising out of an act or omission, including **Personal Injury**, in the rendering of, or failure to render **Legal Services**.

\* \* \*

D. **Damages** means judgments, awards and settlements (including pre-judgment interest), provided all settlements are negotiated with the assistance and approval of the **Insurer**. **Damages** also includes punitive and exemplary damages, and the multiple portions thereof, to the extent that such damages are insurable under the law of the most favorable applicable jurisdiction. **Damages** do not include:

1. legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

2. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. Seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;

3. injunctive or declaratory relief; or

4. any amount for which an **Insured** is absolved from payment by reason of any covenant, agreement or court order.

\* \* \*

V. **Policy Conditions**

    A. **Notice of Claims**

        \* \* \*

        2. **Notifying the Insurer of Potential Claims**

If during the **Policy Period** the **Insured** becomes aware of any act or omission that may reasonably be expected to be the basis of a **Claim** against the **Insured** and gives written notice to the **Insurer** of such act or omission and the reasons for anticipating a **Claim** with full particulars, including but not limited to:

    a. the specific act or omission;

    b. the dates and persons involved;

    c. the identity of anticipated or possible claimants; and

    d. the circumstances by which the **Insured** first became aware of the possible **Claim**;

then any such **Claim** that arises out of such reported act or omission and that is subsequently made against the **Insured** and reported to the **Insurer** shall be deemed to have been made at the time such written notice was given to the **Insurer**.

## Coverage Issues

The Potential Claimants have not yet formally asserted a Claim as defined in the Policy. You have advised that the arbitrator has allowed the Potential Claimant to conduct discovery regarding the allegations of malpractice.

The Policy potentially indemnifies only for covered Damages. At this time, it appears that the Potential Claimants are only challenging the reasonableness of the fees paid to the Insured. A dispute regarding legal fees charged by an insured is excluded from the definition of Damages. If and to the extent liability is imposed on the Insured for any amounts which are not Damages as defined in the Policy, such liability will not be indemnified by Berkley.

The Insured has requested to self-defend against the allegations of malpractice at this time. If the Potential Claims formally assert a claim, Berkley will revisit the issue of assignment of counsel at that time. Please keep the undersigned advised of developments in the arbitration.

Nothing contained herein, nor any action or inaction on the part of Berkley or any representative shall be construed as a waiver of any of Berkley's rights, privileges, and defenses under the Policy or applicable law. Further, the specific issues raised herein shall not be interpreted as limiting the scope of the rights reserved by Berkley, as Berkley instead reserves all its rights under the Policy and the law, whether now apparent or later discovered.

If you have any information or documentation impacting the described coverage issues, please forward the same to us.  Berkley will fully consider any additional information, documents or arguments submitted, and will promptly respond.  If you have any questions regarding the terms and conditions of the Policy or Berkley's reservation of rights in this matter, please contact the undersigned.

Sincerely,
Berkley Insurance Company

Kevin M. Brown

cc:     Erica Braun (erica.braun@rtspecialty.com)
        Gerald Grenon (jerry.grenon@corespecialty.com)